233 F.2d 263
 Lawrence SAMS, Appellant,
v.
BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, SUMTER LODGE
NUMBER 6193, R. S. Hughes, General Chairman, B. of R.C., S.
E. Futrell, Vice-Chairman, B. of R.C., W. E. McIntosh,
Secretary and Treasurer of B. of R.C., and Railway Express
Agency, Inc., Appellees.
 No. 7173.
 United States Court of Appeals Fourth Circuit.
 Argued April 26, 1956.
Decided May 15, 1956.
 
 T. Kenneth Summerford and John D. Whisemhunt, Florence, S.C., on the brief, for appellant.
 A. L. Hardee, Florence, S.C. (James E. Thomas, Atlanta, Ga., Willcox, Hardee, Houck & Palmer, Florence, S.C., and Alston, Sibley, Miller, Spann & Shackelford, Atlanta, Ga., on the brief), for appellee Railway Express Agency, Inc.
 James L. Highsaw, Jr., Washington, D.C. (John W. Crews, Columbia, S.C., Edward J. Hickey, Jr., and Mulholland, Robie & Hickey, Washington, D.C., on the brief), for appellees Brotherhood of Railway and Steamship Clerks, R. S. Hughes, S. E. Futrell, and R. W. McIntosh.
 Before PARKER, Chief Judge, DOBLE, Circuit Judge, and THOMSEN, district judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment for defendant in an action by a former employee of an express company engaged in interstate commerce, against the company and a labor brotherhood, to recover damages on the ground of conspiracy. The conspiracy alleged was nothing more than that the company and the brotherhood had entered into a union shop agreement under which the employee had joined the brotherhood from which he had later been expelled for non-payment of dues and that this resulted in his loss of position with the company. There is no dispute as to the facts; and summary judgment was properly entered since there was nothing whatever to show the existence of any conspiracy or that plaintiff was not properly discharged from his position.
 
 
 2
 The union shop agreement was entered into in the spring of 1952 pursuant to the provisions of 45 U.S.C.A. § 152, eleventh. Plaintiff joined the Brotherhood in June of that year and paid dues up until September 1. He failed to pay dues for September and October or for any period thereafter. He was given due notice that he would be dropped for nonpayment of dues and was afforded a hearing by the company at which he admitted his failure to pay the dues. When his employment was terminated following the hearing, he accepted the result and did not take an appeal to a higher official of the company, as he might have done under the collective bargaining agreement. Under that agreement, it became the duty of the company to discharge him if he ceased to be a member of the brotherhood as the result of failure to pay dues.
 
 
 3
 There was nothing in this to sustain the allegation of conspiracy. The discharge of plaintiff was pursuant to the terms of the union shop contract; and there was nothing in the law of South Carolina at that time rendering such a contract invalid. Cf. Colgate Palmolive-Peet Co. v. N.L.R.B., 338 U.S. 355, 70 S.Ct. 166, 94 L.Ed. 161; 31 Am.Jur. p. 876. The South Carolina Right to Work statute, section 40-46 of Title 40 of the Supplement to 1952 Code of Laws of South Carolina, was not passed until 1954 and was consequently not in effect at the time of the acts here complained of; but, even if it had been in effect, we think it would have made no difference, as it would have had to yield to the federal statute regulating interstate commerce, which authorized the contract. Hudson v. Atlantic C.L.R. Co., 242 N.C. 650, 89 S.E.2d 441; Cf. Hanson v. Union Pacific R. Co., 160 Neb. 669, 71 N.W.2d 526. Plaintiff's contention that the requirements of that act were not met by the contract is without substance.
 
 
 4
 Affirmed.